IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBERT WATTS, §<br>Plaintiff § <br> § <br> v. § <br> § Civil No. 1:17-CV-887-LY <br> NORTHSIDE INDEPENDENT SCHOOL § <br> DISTRICT AND MACK EDWARD § <br> BREED, § <br> § <br> Defendants § | |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Robert Watts, Plaintiff herein, in conformity with the order of the Court, amends the Complaint in this action and files Plaintiff's First Amended Petition, and would respectfully show the Court the following:

## I. PARTIES

1. Plaintiff Robert Watts may be served with process at 2001 Bryan Street, Suite 4000, Dallas, Texas 75201.

2. Defendant Mack Edward Breed (hereinafter referred to as "Coach Breed") may be served with process at 1618 W. Martin, San Antonio, Texas 78207.

3. Defendant Northside Independent School District (hereinafter referred to as "Northside ISD") is a public school district that may be served by serving its Superintendent, Brian T. Woods at 5900 Evers Road, San Antonio, Texas 78238, or by serving its counsel at 1020 NE Loop 410, Suite 450, San Antonio, Texas 78216.

## II. JURISDICTION, VENUE, & CONDITIONS PRECEDENT

4. The Court has jurisdiction over the lawsuit because the suit arose under 42 U.S.C.

**PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 1**

§ 1983, and because Plaintiff and Coach Breed are citizens of different U.S. states and the amount in controversy exceeds $75,000, excluding interests and costs.  Venue is proper in this district because Defendant Northside ISD resides in this district and because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Furthermore, Defendants removed this action from the 434th Judicial District Court of Burnet County, Texas to the United States District Court for the Western District of Texas, Austin Division, effective 11th day of September, 2017.

5. All conditions precedent have been performed or have occurred.

### III. FACTUAL BACKGROUND

6. On September 4, 2015, Plaintiff was part of the referee crew that officiated a football game between Marble Falls High School and John Jay High School from San Antonio, Texas ("Game").  John Jay High School is part of Defendant Northside ISD.  On the occasion in question, Coach Breed was at the Game as an assistant coach of the John Jay High School football team and an employee of Northside ISD.  The John Jay Head Coach was Gary Gutierrez.  The Game was played in Marble Falls, Burnet County, Texas.  The referee crew was from the Austin chapter of the Texas Association of Sports Officials, and Plaintiff served as Umpire for the Game.

7. As Umpire, Watts was positioned across from the press box and stationed at mid-field in front of the John Jay High School football team. During the first half of the  Game, routine penalties were issued against both teams.  John Jay's quarterback was assessed an unsportsmanlike penalty for using disparaging language against the Referee of the officiating crew.  Plaintiff also called a holding penalty against a Marble Falls player, and the first half ended.

8.      During the second half, John Jay players began committing penalties that were penalized by other members of the referee crew.  During one play, the quarterback for John Jay High School kept the ball and ran up the middle of the field for a short gain and afterwards had a heated conversation with another Marble Falls player.  Since Plaintiff was the closest official, the John Jay quarterback looked at him as if he should have penalized the Marble Falls player for touching him.  The John Jay quarterback then forcefully shoved the ball into the solar plexus of Plaintiff.  Plaintiff spotted the ball, walked over to the John Jay quarterback, and told him that if he did that again he would be thrown out of the Game.  The John Jay quarterback then said to Plaintiff, "What did you say to me?"  Plaintiff repeated that if he shoved the ball at him like that again, he would be ejected from the Game.

9.      During the fourth quarter and shortly before the Game ended, Coach Breed became increasingly agitated, angry and enraged over his belief that the referee crew was making "bad calls" against the John Jay High School football team.  In his capacity as Northside ISD's employee and assistant coach, Coach Breed told the John Jay players "to hit" Plaintiff and "he needs to pay the price" for alleged racial comments and bad calls, that Plaintiff vehemently denies.

10.     Shortly thereafter, first sophomore Victor Rojas, number 12, and then senior Michael Moreno, number 81, both intentionally, knowingly and with reckless abandon, immediately blindsided Plaintiff from behind, striking him in the back with their helmets and football pads, knocking him to the field, causing his head to violently strike the artificial turf. These vicious hits were without notice or provocation to Plaintiff and at the express direction of Coach Breed, while Plaintiff was acting as Umpire on the defensive side of the ball and watching a play develop in the offensive backfield.  Not knowing who struck him from behind, Plaintiff

ejected Defendant Rojas and another player. When Plaintiff asked the players "Why did you hit me?", one of them said "You were in the way" and laughed.

11. After the Game Plaintiff, Coach Gutierrez and Coach Breed continued yelling profanities and gesturing angrily at Plaintiff as well as the other referees. When Plaintiff asked for the players' names Coach Gutierrez stated he "did not know their names" and then said he "had forgotten them."

12. As a result of the hits, Plaintiff received a turf burn on his forehead, a cut next to his right eye, and a large abrasion on his left arm. He immediately had left knee pain and immense pain in his neck and back and became nauseated and dizzy.

13. As he was traveling home, while another referee drove, Plaintiff continued to feel nauseated and dizzy. The next day Plaintiff experienced headaches, nausea, vertigo, tunnel vision, neck, back and knee pain. As a result of these vicious hits at the direction of Coach Breed, Plaintiff received a concussion, has post-concussion syndrome and anxiety disorder due to his medical condition.

14. Rojas and Moreno appeared on ABC's Good Morning America on September 18, 2015. During the interview Moreno and Rojas expressed remorse for their actions and maintained they were just doing as they were told by John Jay Assistant Coach Mack Breed. Moreno said, referring to Breed, "He told me - and I quote - You need to hit him. You need to hit the ref. He needs to pay the price." Both Rojas and Moreno went on to say that they trusted Breed, that he was their guardian and that they knew what they did was wrong, but they did it anyway because of their trust in Breed. According to Rojas, "he was just doing what he was told."

15. Coach Breed has admitted that he directed Rojas and Moreno to hit the Plaintiff.

According to a statement provided by school principal Robert Harris, obtained by ESPN's "Outside the Lines," Harris says Coach Mack Breed admitted to him and Head Coach Gary Gutierrez that he "directed the students to make the referee pay for his racial comments and calls," and that "he should've handled the referee himself." According to Harris' statement, Breed 'wanted to take full responsibility for his actions."

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

16. Plaintiff incorporates by reference and repeats all allegations contained in Paragraphs 1 through 15. Plaintiff is making a claim under 42 U.S.C. § 1983 against Northside ISD and against Coach Breed in his individual capacity and in his official capacity as an employee of Northside ISD.

17. An individual may bring a constitutional substantive due process claim when persons acting under color of state law violate that individual's federal constitutional or statutory rights. 42 U.S.C. § 1983. School administrators and employees are considered state actors in claims under the Fourth and Fourteenth Amendments to the United States Constitution. The Fourteenth Amendment safeguards an individual's interest in bodily integrity.

18. During the Game, Coach Breed was acting under color of state law in his official capacity as an employee of Northside ISD and in his individual capacity when he created a danger to the Plaintiff by telling Rojas and Moreno "to hit" Plaintiff and "make him pay" for his alleged comments and bad calls. Coach Breed used his authority as assistant coach to create a dangerous environment for the Plaintiff by ordering the football players under his supervision on the John Jay High School football team to assault the Plaintiff.

19. Coach Breed's acts violated Plaintiff's substantive due process "right to bodily integrity and personal security, as guaranteed by the 14th Amendment to the United States

Constitution." When Coach Breed told Rojas and Moreno to hit Plaintiff and "make him pay," Coach Breed clearly was a "state actor," acting on behalf of Northside ISD as an employee. Moreover, when Coach Breed told Rojas and Moreno to hit Plaintiff, he acted with deliberate indifference towards Plaintiff and consciously disregarded a known and excessive risk to the Plaintiff's health and safety. Coach Breed caused the dastardly attack on the Plaintiff by the John Jay players, and Northside ISD is responsible for Coach Breed's actions.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION: ASSAULT & BATTERY

20.     Plaintiff repeats the allegations contained in paragraphs 1-19 inclusive of those set forth in the first count above.  Coach Breed is vicariously and/or jointly and severally liable for assault and battery and the intentional, knowing, and/or reckless physical contact with Plaintiff's person, and infliction of bodily injury thereto, by Coach Breed's players acting in concert or unity of action because Coach Breed caused, commanded, directed, advised, encouraged, instigated, promoted, controlled, aided or abetted the infliction of physical contact and bodily injury on Plaintiff by the players listed above.  Coach Breed's actions caused injury and mental anguish to the Plaintiff, including a concussion, post-concussion syndrome, and anxiety disorder due to his medical condition.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION: NEGLIGENCE

21.     Plaintiff repeats the allegations contained in paragraphs 1-20.  In the alternative, the aforementioned assault or attack on Plaintiff by players was the result of Coach Breed's negligent failure to use ordinary care in how he communicated or acted with his players, which ultimately led his players to attack Plaintiff, proximately causing damages.

## VII. CIVIL CONSPIRACY

22. Plaintiff repeats the allegations contained in paragraphs 1-21. Coach Breed—in combination with Victor Rojas and Michael Moreno—entered into a civil conspiracy to make unpermitted, unlawful, and injurious physical contact with Plaintiff. Coach Breed knew the agreed acts would result in harm to Plaintiff. To accomplish the objective of their agreement, Victor Rojas and Michael Moreno—with the agreement and approval of Coach Breed—intentionally, knowingly and/or recklessly struck Plaintiff from behind, striking him in the back with their helmets and football pads, knocking him to the field and causing his head to violently strike the artificial turf. The agreement to make harmful physical contact with Plaintiff proximately caused injury and mental anguish to the Plaintiff, including a concussion, post-concussion syndrome, and anxiety disorder due to his medical condition.

## VIII. DAMAGES

23. Defendants' conduct as described above proximately caused damages to Plaintiff, including personal injuries and mental anguish. Plaintiff also seeks exemplary damages against Coach Breed in his individual capacity.

## IX. ATTORNEY'S FEES

24. Because of the Defendants' violation of his civil rights under the 14th Amendment of the Constitution, Plaintiff has had to obtain the services of the undersigned counsel to prosecute his claims against the Defendants. Plaintiff is entitled to recover his reasonable attorney's fees for the work of his counsel in prosecuting his claims in the trial court and on appeal.

## X. PRAYER

25. Plaintiff prays that the Defendants will be cited to appear and that, after a jury trial, the Court will award Plaintiff for damages and attorney's fees and that the Court will grant such other relief to which the Plaintiff is justly entitled to receive.

Respectfully submitted,

DOWNS ♦ STANFORD, P.C.

By: */s/ Tab H. Keener*
_____
Jay R. Downs
State Bar I.D. No. 06088200
Tab H. Keener
State Bar I.D. No. 11168500
2001 Bryan Tower, Suite 4000
Dallas, Texas 75201
jdowns@downsstanford.com
tkeener@downsstanford.com
Phone: (214) 748-7900
Fax: (214) 748-4530

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of August, 2019, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

**ATTORNEY FOR DEFENDANT NORTHSIDE ISD**
D. Craig Wood
Attorney-in-Charge
Jameson C. Baker
WALSH GALLEGOS TREVINO RUSSO & KYLE, P.C.
1020 NE Loop 410, Suite 450
San Antonio, Texas 78216

**ATTORNEY FOR DEFENDANT BREED**
James M. Reeves
Law Offices of Fischer & Reeves
1618 W. Martin
San Antonio, Texas 78207

                                              */s/ Tab H. Keener*

                                              **Tab H. Keener**