# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT WATTS | § | |
| | § | |
| v. | § | A-17-CV-887 LY |
| | § | |
| NORTHSIDE IND. SCHOOL DIST., et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Mack Edward Breed's Rule 12(b)(6) Motion to Dismiss, and Motion for Summary Judgment on the Pleadings (Dkt. No. 32); and Plaintiff's Response (Dkt. No. 34). The District Court referred these Motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. FACTUAL BACKGROUND

Plaintiff Robert Watts originally brought claims pursuant to 42 U.S.C. § 1983 against Northside Independent School District and Mack Edward Breed in both his individual and official capacities. The undersigned authored a Report and Recommendation regarding a prior motion to dismiss recommending that the district court dismiss the 42 U.S.C. § 1983 claims against Northside Independent School District and Mack Edward Breed in his official capacity with prejudice for failure to state a claim. Dkt. No. 15. The district court adopted the recommendation (Dkt. No. 18), and thus the only remaining claims in the suit are Watts' claims against Breed individually.

In his First Amended Complaint Watts asserts that Breed violated his substantive due process right to "bodily integrity and personal security" and that in doing so he acted with deliberate indifference. *Id.* at ¶ 19. Watts also sues Breed for assault and battery, negligence, and civil

conspiracy. *Id.* at ¶¶ 20-22. The claims in the First Amended Complaint are essentially identical to Watts' claims in his Original Petition with the exception of the addition of the state tort claims.[1]

Watts' claims arise from a football game he officiated on September 4, 2015, in Marble Falls, Texas. The game was between John Jay High School, which is part of Northside Independent School District and Marble Falls High School. Breed was an assistant football coach at John Jay High School and an employee of NISD. Watts was part of a referee crew from the Austin Chapter of the Texas Association of Sports Officials. Watts asserts that shortly before the game ended, Coach Breed, angry at some of the officials' calls, directed two John Jay players to hit Watts and "make him pay" for the bad calls and racist statements Breed alleges Watts made. Thereafter, two Jay players tackled Watts from behind, knocking him to the ground. Watts alleges he suffered cuts, bruises, abrasions, and a concussion from the hit.

Breed moves for summary judgment on the § 1983 claim based on qualified immunity. He further moves the Court to dismiss the assault and battery, negligence, and civil conspiracy claims as barred by the relevant statute of limitations.

## II. STANDARDS

### A.     Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists

---

[1] As noted, the Court previously dismissed Watts' § 1983 claims against NISD and Breed in his official capacity, so Watts' restatement of those claims in the First Amended Complaint is a legal nullity. Although a district court has discretion to reconsider its own prior rulings, *Zarnow v. City of Wichita Falls Tex.*, 614 F.3d 161, 171 (5th Cir. 2010), the "law of the case" doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). Therefore the only claims the Court will consider are Watts' § 1983 individual capacity claims against Breed and the remaining state law tort claims.

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 274-75 (5th Cir. 2016).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Anderson*, 477 U.S. at 248.

### B. Motion to Dismiss

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusions[ ] are not entitled to the assumption of truth"). A complaint must contain

3

sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

**A.     Qualified Immunity**

Watts states the factual basis for his § 1983 claim against Breed in the First Amended Complaint:

> During the game, Coach Breed was acting under color of state law . . . in his individual capacity when he created a danger to the Plaintiff by telling Rojas and Moreno "to hit" Plaintiff and "make him pay" for his alleged comments and bad calls. Coach Breed used his authority as assistant coach to create a dangerous environment for the Plaintiff by ordering football players under his supervision on the John Jay High School football team to assault the Plaintiff.

Dkt. No. 31 at ¶ 18. To state a claim under § 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854-55 (5th Cir. 2012). "The Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as an instrument of oppression" and "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney,* 489 U.S. at 195.

Breed asserts he is entitled to qualified immunity on Watts' substantive due process claims against him. The doctrine of qualified immunity protects government officers from civil liability in their individual capacities if their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). For a right to be "clearly established" the law in effect at the time of the incident

must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in these circumstances." *Sama v. Hannigan,* 669 F.3d 585, 591 (5th Cir. 2012).

Watts asserts a substantive due process claim arguing that Breed was a state actor who violated his right to bodily integrity when he told two John Jay football payers "to hit" Watts and "make him pay." The Court already ruled on this claim with regard to the official capacity claims against Breed and the claims against NISD. The Court's holding that Watts failed to state a constitutional violation was based on the fact that two football players, and not Breed assaulted Watts. Dkt. No. 15 at 3-4 (stating "generally speaking, a state's failure to protect an individual from private violence does not constitute a violation of the Due Process Clause sufficient to state a claim under Section 1983 . . . the only recognized exceptions to this well-settled principle are the "special relationship exception" and the state-created danger theory") (citations omitted). The Court found that Watts could not state a violation of his substantive due process right to bodily integrity because he could not establish either the "special relationship" or the state-created danger theory exceptions to the well-settled principle that a state could not be held liable for the actions of a private individual. *Id.* at 3-6. When an individual is harmed by students rather than school or government officials, there is no constitutional violation unless one of these two exceptions applies. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989).

Watts attaches to his Response, Exhibit A, which shows that Breed pled guilty to a Class A Misdemeanor Assault on December 14, 2015, for the football players' attack of Watts. Watts asks the Court to take judicial notice of Breed's guilty plea. He also cites the Texas Penal Code, Section 7.02(a)(2), which states that "A person is criminally responsible for an offense committed by the conduct of another if: (2) acting with intent to promote or assist the commission of the offense, he

5

solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE § 7.02(a)(2). Watts alleges that, under the "law of parties" theory, this guilty plea shows that Breed himself individually "assaulted" Watts and caused him injury, despite the fact that Watts' claims are based upon the fact that he was tackled not by Breed but by two football players. Dkt. No. 31 at ¶ 10. Thus, Watts argues, Breed, a "state actor" assaulted him, and not private individuals.

Watts has failed to demonstrate that Breed acted objectively unreasonably in light of clearly established law at the time of the incident. "[F]or a [law] to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *White v. Pauly*, ––– U.S. –––, 137 S.Ct. 548, 551 (2017) (per curiam). No matter how he attempts to present it, Watts alleges a state-created danger theory of liability. This Court already addressed that issue in its prior Report and Recommendation, noting that the Fifth Circuit has continuously declined to recognize the merit of the state-created danger theory. *See Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 869 (5th Cir. 2012). The unlawfulness of Breed's conduct was not "clearly established" at the time of the incident. *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018); *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). If a plaintiff does not state a claim that a defendant violated clearly established law, then "a defendant pleading qualified immunity is entitled to dismissal." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Breed, in his individual capacity, is entitled to qualified immunity on Watts' substantive due process claim.

### B. State Law Assault and Battery, Negligence and Civil Conspiracy Claims.

Though Breed seeks dismissal of the recently-added state law claims on statute of limitation grounds, the Court recommends instead that the district judge decline to exercise supplemental jurisdiction over those claims. The supplemental-jurisdiction statute, 28 U.S.C. § 1367, gives the federal courts discretion in deciding whether to adjudicate state-law claims. The Fifth Circuit has

6

stated that, as a general rule, courts should decline to exercise supplemental jurisdiction "when all federal claims are dismissed or eliminated prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir.1999).  This is that circumstance.  With the federal claims disposed of, the only interests raised by this case are state interests that can and should be resolved in state court, and no exceptional circumstances weigh in favor of retaining the case. Therefore, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice.[2]

## IV.  RECOMMENDATIONS

The Court **RECOMMENDS** that Defendant Mack Edward Breed's Rule 12(b)(6) Motion to Dismiss, and Motion for Summary Judgment on the Pleadings (Dkt. No. 32) be **GRANTED**, and Watts' § 1983 claim against Breed in his individual capacity be **DISMISSED WITH PREJUDICE.** The Court **FURTHER RECOMMENDS** hat Watts' remaining state law claims be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Lastly, it is **ORDERED** that this case is **RETURNED** to the docket of the Honorable Lee Yeakel.

## V.  WARNINGS

---

[2]To the extent Watts is concerned about the statute of limitations, Texas law provides that:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1)  because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2)  not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE § 16.064(a).

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th of December, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE